## State *v.* Barron & *a.*

Upon the question whether in equity and good conscience the charter of a bridge corporation should be forfeited for neglect to make the returns required by law, evidence is admissible to show how the corporation has been managed, the amount of its receipts from tolls and of its expenditures, and whether the bridge is longer needed to accommodate the public travel.

Neglect by a corporation to hold meetings for a period of ten years will not operate to dissolve the corporation.

INFORMATION, in the nature of *quo warranto*, and is the same case reported in 57 N. H. 498. The cause was committed to a referee, who reported that the provisions of the defendant's charter, in respect to making returns of the tolls received and of the costs and expenses incurred on account of their bridge, have not been performed; and found that in equity and good conscience a decree of forfeiture should not be made, for the following reasons : Because the neglect of the defendants to make returns was not wilful; because there has not been and is not any bridge across Connecticut river, and no public way by which the river can be crossed,—except on the Northern Railroad bridge at West Lebanon,—for a distance of five miles above and twelve miles below the defendants' bridge; because the defendants have always kept their bridge in good repair and suitable for the public travel; and because it has been so managed as to accommodate the public travel.

The defendants offered a copy of the order of the Superior Court in 1837 establishing the rate of tolls ; also, a copy of the report of the commissioner appointed by the court in 1837 to establish the rate of tolls accepted by the court; also, a copy of the account of receipts and expenses rendered to the court in 1842; a statement of its receipts and expenses from 1842 to 1849; also, from 1849 to 1866, and from 1866 to 1876. The records of the corporation, showing the receipts and expenses from 1849 to 1866, were proved to have been lost. The state excepted to the admission of this evidence, because it was secondary, incomplete, and otherwise imperfect.

The defendants, in 1866, bought 199 of the 200 shares into which the capital stock had been divided, but the corporation has held no meetings since 1866, nor have those who were the officers or members prior to 1866 assumed to act as such since. The state claimed that by the neglect to hold meetings the corporation had become dissolved.

*Dole* and *Shirley,* for the state.

*Spring,* for the defendants.

SMITH, J.   We have no occasion to inquire whether the town of Lebanon, prosecuting this suit in the name of the state, can legally except to the. rulings of the referee, for we are of opinion that the evidence excepted to was competent.   The sufficiency of the application to the court in 1837 was a matter for the court then to consider.   The regularity of those proceedings, after the lapse of forty years, is not open to examination.   The same is true of the commissioner's report in 1837, and of the acceptance thereof establishing the rates of toll; also, of the return made by the corporation in 1842.   The question tried before the referee was, whether equity and good conscience required the forfeiture of the defendants' charter; and, as bearing on this question, evidence of the receipts, expenses, and cost of the bridge since the last return made in 1842, and evidence as to the way the bridge had been managed, how far it had accommodated the public wants, how far it was necessary to meet the future wants of the public, and how much the proprietors had received and expended, was pertinent, and properly received.   In this view, the fact that the statements presented by the defendants to the referee did not contain all the information required by their charter presented no legal reason for their exclusion.

Although the corporation has been guilty of gross neglect in not making the returns required by its charter, yet the facts laid before us do not, we think, furnish sufficient reasons why a forfeiture of the charter should be decreed upon the first application therefor.   What might be the result in case of a second application we are not called upon to decide.   The statements of receipts and expenses laid before the referee show the necessity of a revision of the tariff of tolls; and the matter being now before the court, a referee will be appointed to hear and report what revision is necessary in order that the receipts may not exceed the limit fixed by the charter.

The neglect of the corporation to hold its annual meetings does not operate to dissolve the corporation.   Provision is made by Gen. St., c. 133, ss. 15, 16, whereby the organization may be continued.

*Case discharged.*

STANLEY, ALLEN, and CLARK, JJ., did not sit.